AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name Toraino Pridgen | Prisoner No. W67351 | Case No. |

Place of Confinement
Massachusetts Correctional Institution, Norfolk
2 Clark Street
Norfolk, Massachusetts 02056

03-12332

Name of Petitioner (include name under which convicted): Toraino Pridgen

v.

Name of Respondent (authorized person having custody of petitioner): Luis Spencer, Superintendent and Thomas F. Reilly, Attorney General

The Attorney General of the State of: Massachusetts

Referred to CMJ MB Bowler

## PETITION

1. Name and location of court which entered the judgment of conviction under attack
   Worcester Superior Court
   2 Main Street
   Worcester, Massachusetts 01608

2. Date of judgment of conviction
   November 17, 1999

3. Length of sentence
   not less than 9 years, or more than 10 years

4. Nature of offense involved (all counts)
   assault and battery with a dangerous weapon contrary to Massachusetts G.L. c. 269 section 15A(b)

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Massachusetts Appeals Court

(b) Result conviction affirmed

(c) Date of result and citation, if known

(d) Grounds raised April 8, 2002; Appeals Court Docket No. 01-P-49
1) evidence insufficient to convict as joint venturer
2) trial court erred in denying motion to sever defendants, and denied Mr. Pridgen a fair trial

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court Massachusetts Supreme Judicial Court

(2) Result Application for Leave to obtain Further Appellate Review was denied

(3) Date of result and citation, if known June 6, 2002; Supreme Judicial Court Docket No. FAR-12597

(4) Grounds raised
1) Mr. Pridgen was denied Due Process of law where the only admissible evidence to prove joint venture is "nod" in his direction
2) joint trial denied Mr. Pridgen Due Process of law

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court United States Supreme Court

(2) Result petition for writ of certiorari denied

(3) Date of result and citation, if known November 12, 2002; 537 U.S. __ (2002), Supreme Court of the U.S. No. 02-6251

(4) Grounds raised
1) insufficient evidence to prove beyond a reasonable doubt two of the elements of joint venture liability under Massachusetts law
2) federal Due Process of law requires severance

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Name of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application c motion?

(1) First petition, etc. Yes ☐ No ☐

(2) Second petition, etc. Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did noi

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *fact* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state cour remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The State Court decision was based on an unreasonable determination of the facts, and failed to apply clearly established federal law to Mr. Pridgen's claim of legally insufficient evidence in violation of the Fourteenth Amendment.

Supporting FACTS (state *briefly* without citing cases or law):

The only competant evidence admitted at trial to establish two elements of joint venture to commit assault and battery with a gun was testimony that the co-defendant nodded in Petitioner's direction before the victim was shot. However, the State Court relied on testimony alleging an unrelated bad act involving the co-defendants and another man as evidence that Petitioner knew the co-defendant intended to shoot the victim, and that Petitioner had entered into an agreement with the co-defendant to shoot or assist in shooting the victim. The State Court also relied on testimony that the trial judge ruled inadmissible to sustain the conviction. Because an objection to the characterization was sustained, there was no evidence before the Jury that "a nod in agreement exchanged between" defendants.

B. Ground two: The State court proceedings resulted in a decision that is based on an unreasonable determination of the facts regarding the need for severance, and is contrary to clearly established federal law. The joint trial was not a fair trial guaranteed by the 14th Amendment.

Supporting FACTS (state *briefly* without citing cases or law):

Petitioner moved to sever his case from his brother's case because: the brothers had very similar physical appearances; he anticipated that the prosecution's evidence would show that one but not necessarily both men shot the victim; and each defendant's best defense was that the other did it. At trial, all of the witnesses but two who had known the brothers since childhood failed to tell them apart. As summarized by the trial Judge to Counsel, the evidence showed: "Its crystal clear that one of those two guys shot the bullet into this follow's head." However, it was not clear which man. Petitioner was acquitted of a charge of possessing a gun, and by special verdict both men were found guilty as joint venturers, neither as a principal. Evidence of joint venture was weak as discussed in ground one.

AO 241 (Rev. 5/85)

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, stat *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgmen attacked herein:
(a) At preliminary hearing

(b) At arraignment and plea

AO 241 (Rev. 5/85)

(c) At trial Leonard Staples, Esq.
77 Crosby Road
Ashburnham, Massachusetts 01430

(d) At sentencing

Leonard Staples, Esq.

(e) On appeal Karen Morth, Esq.
67 Wall Street, 22nd Floor/# 5720
New York, New York 10005

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court an at the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Karen Elizabeth Morth
Signature of Attorney (if any)

Karen Elizabeth Morth
BBO # 553988
(212) 804-5720

I declare under penalty of perjury that the foregoing is true and correct. Executed on

10/30/03
Date

Signature of Petitioner

I hereby certify that a true copy of the above document was served upon Thomas F. Reilly, Attorney General by mail on 11/6/03. Karen Morth, Esq.