UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Toraino Pridgen,

    Petitioner,

v.                                    Civil Action No. 03-12332-RWZ

Luis Spencer, et al.,

    Respondents.

PETITIONER'S MEMORANDUM IN OPPOSITION TO MOTION
TO DISMISS AND REQUEST FOR PROTECTION FROM EFFECT
OF ONE-YEAR STATUTORY BAR IN THE EVENT THAT THIS
HONORABLE COURT FINDS THIS A "MIXED PETITION".

The Commonwealth mistakenly asserts that Petitioner Toraino Pridgen has "failed to exhaust the claim contained in ground two of his petition". (Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies, p. 1). Ground two of Toraino Pridgen's Petition for a Writ of Habeas Corpus states:

> The State Court proceedings resulted in a decision that is based on an unreasonable determination of the facts regarding the need for severance, and is contrary to clearly established federal law. The joint trial was not a fair trial guaranteed by the 14th Amend[ment].

(Petition for Writ of Habeas Corpus, p. 5).

In his Application for Further Appellate Review to the Massachusetts Supreme Judicial Court, Petitioner argued as he had in the Appeals Court, that his joint trial denied him a fair trial contrary to State and federal law, concluding:

> Thus, it is respectfully submitted that the denial of Appellant's Motion for severance was an abuse of discretion, and that the joint trial denied Appellant Due Process of Law. Commonwealth v. Moran, supra; Amendment Fourteen, United States Constitution; Article Twelve, Massachusetts Declaration of Rights.

(Application for Further Appellate Review, p. 13). Specific constitutional language and constitutional citation are also contained in Petitioner's Application for Further Appellate Review at page 12, note 7, along with appropriate federal precedent:

> A criminal defendant may of course not be required either to testify or to assist the Commonwealth by accusing a co-defendant of responsibility for the indicted offenses to obtain due process at trial. United States v. Johnson, 478 F.2d 1129 (5th Cir. 1973); Commonwealth v. Moran, supra at 656; Fifth and Fourteenth Amendments, United States Constitution; Article Twelve, Massachusetts Declaration of Rights.

Additional constitutional citation: "Fourteenth Amendment, United States Constitution," is contained at page 35 of Petitioner's opening Brief, which was incorporated by reference and appended to his Application for Further

3

Appellate Review. See Barresi v. Maloney, 296 F.3d 48 (1st Cir. 2002); Application for Further Appellate Review at page 4. In addition, the facts necessary to support ground two were analyzed in terms of both State and federal case law in Petitioner's Application for Further Appellate Review at pages 9 and 12.

It is respectfully submitted that the specific constitutional language, constitutional citation, and appropriate federal precedent contained in Petitioner's six-page legal argument regarding whether he had "a fair trial" under federal and State law did in all likelihood alert the State Court to the existence of the federal question raised in ground two. Nadworny v. Fair, 872 F.2d 1093 (1st Cir. 1989). Thus, it is respectfully submitted that Petitioner has exhausted his available State Court remedies as to both grounds of his Petition for a Writ of Habeas Corpus, and that therefore the Commonwealth's Motion to Dismiss should be denied. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. section 2254.

However, should this Honorable Court find that ground two is not exhausted, Petitioner wishes to alert the Court to the fact that the one-year statute of limitations set forth in the AEDPA, 28 U.S.C. section 2244 (d)(1) has now run. Therefore, despite his counsel's good faith efforts

4

to raise only exhausted claims, dismissal of Toraino Pridgen's Petition would have the unfair effect of barring him from obtaining habeas review of ground one. Should this Court find a "mixed petition," Petitioner respectfully requests that the Court: hold the Petition in abeyance for thirty days for him to consult with counsel regarding waiving any unexhausted claim; and thereafter allow the present petition to go forward with ground one.

CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Commonwealth's Motion to Dismiss should be denied.

Respectfully submitted,

*Karen Elizabeth Morth*

Karen Elizabeth Morth, Esq.
BBO# 553988
67 Wall Street, 22nd Floor/#5720
New York, New York   10005
(212) 804-5720

Dated:   February 11, 2004

I hereby certify that a true copy of the above document was served upon Thomas F. Reilly, Attorney General and Frederic Bartmon, Esq., counsel for Satron Pridgen by mail on 2/11/04.   *Karen Elizabeth Morth*