Court's conclusion is devoid of record support. McCambridge v. Hall, supra at 35, citing O'Brian v. Dubois, 145 F.3d 16, 25 (1st Cir. 1998).

It is well established under United States Supreme Court precedent that in order to convict a criminal defendant in either a federal or state court, each element of the crime charged must be proved beyond a reasonable doubt. Pilon v. Bordenkircher, 444 U.S. 1, 62 L.Ed.2d 1, 100 S. Ct. 7 (1979); Jackson v. Virginia, 443 U.S. 307, 61 L.Ed.2d 561, 99 S. Ct. 2781 (1979); Fifth and Fourteenth Amendments, United States Constitution. Petitioner was convicted in Massachusetts State Court of assault and battery with a dangerous weapon by special verdict finding liability based on joint venture.[7] (See special "Verdict Slip" in Appendix to Toraino Pridgen's opening Brief in the Massachusetts Appeals Court ("R.A."), 10). It is

---

[7]. Under Massachusetts Law, where there is sufficient evidence to send a case to the Jury on both the theories of principal and joint venture liability, it is not necessary for the Jury to specify under which theory they find the defendant guilty. See e.g. Commonwealth v. Ellis, 432 Mass. 746, 761-762, 739 N.E.2d 1107 (2000) However, here, the Trial Judge found the prosecutor's case to be confusing, and decided to use a special verdict form. (Tr. II, 199-202, 203-208). Thus, the verdict rendered specified that Petitioner's conviction was based on joint venture, and not principal, liability. See Sullivan v. Louisiana, supra; Griffin v. United States, supra; Commonwealth v. Sanchez, 40 Mass. App. Ct. 411, 418-419, 664 N.E.2d 868 (1996)(In Massachusetts, where there is not enough evidence to submit a case to the jury on joint venture, and the reviewing

respectfully submitted that under prevailing United States Supreme Court authority at the time of the State Court proceedings, there was insufficient evidence that Petitioner engaged in a joint venture with Satron Pridgen to assault Allen with dangerous weapon, as that crime is defined by Massachusetts law, to satisfy federal Due Process. Id.

When considering the sufficiency of the evidence of a state conviction, a federal court must look to state law to determine the elements of the crime. See McMillan v. Pennsylvania, 477 U.S. 79, 91 L.Ed.2d 67, 106 S. Ct. 2411 (1986); Mullaney v. Wilbur, 421 U.S. 684, 691, 44 L.Ed.2d 508, 95 S. Ct. 1881 (1975)("This Court... repeatedly has held that State Courts are the ultimate expositors of state law...."); Ponnapula v. Spitzer, 297 F.3d 172 (2nd Cir. 2002); Stewart v. Coalter, 48 F.3d 610 (1st Cir. 1995).

Petitioner was indicted and convicted of assault and battery of Paul Allen with a dangerous weapon contrary to Massachusetts G.L. c. 269, section 15A(b), as a joint venturer. As stated by the State Court, in Massachusetts: "A defendant can be convicted as a joint venturer if he was (1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by

---

court can not determine if the jury took this erroneous route to their verdict, the judgement must be reversed.).

agreement is willing and available to help the other if necessary. (Decision at page 4, internal citations omitted).

It is respectfully submitted that the Commonwealth did not produce sufficient evidence to prove beyond a reasonable doubt two of the three elements of joint venture liability under Massachusetts law, that a defendant is present at the crime scene: 1.) with knowledge that another intends to commit the crime or with intent to commit a crime; and 2.) by agreement is willing and available to help the other if necessary. Commonwealth v. Longo, 402 Mass. 482, 486, 524 N.E.2d 67 (1988); see Commonwealth v. Elliot, 432 Mass. 746, 499; 739 N.E.2d 1107 (2000).[8]

The Jury heard evidence that the Co-Defendants were present together at the crime scene, satisfying one element of joint venture liability.[9] In Massachusetts, presence at the scene of

---

[8]. Cases in which the Massachusetts appellate Courts have affirmed convictions on a theory of joint venture have included much more evidence than in the instant case of: the defendant's knowledge that another intends to commit the crime charged; and the defendant's agreement, willingness, and ability to help the other if necessary. See e.g. Commonwealth v. Elliot, supra; Commonwealth v. Sexton, 425 Mass. 146, 152, 680 N.E.2d 23 (1997); Commonwealth v. Springer, 49 Mass. App. Ct. 469, 473-474, 730 N.E.2d 349 (2000); Commonwealth v. Fuentes, 45 Mass. App. Ct. 934, 702 N.E.2d 814 (1998); Commonwealth v. Ward, 45 Mass. App. Ct. 901, 694 N.E.2d 395 (1998); Commonwealth v. Young, 35 Mass. App. Ct 427, 434-438, 621 N.E.2d 1180 (1993).

[9]. There was also evidence that the men fled the crime scene. However, where there is insufficient proof of an essential element of intent, that element cannot be supplied by evidence

the crime, even when combined with the failure to take affirmative steps to prevent it, does not render a defendant liable as a participant. Commonwealth v. Avery, 44 Mass. App. Ct. 781, 694 N.E.2d 40 (1998). Thus, Allen's testimony that the Co-defendant nodded toward Petitioner before Allen was shot, does not establish criminal liability on Petitioner's part.

In Massachusetts battery cases, proof of the precise conduct of each co-defendant during the battery is not required to convict each co-defendant. However, if the evidence establishes only that the defendant acquiesced in what occurred, without establishing prior agreement, or action on the part of the defendant, the evidence will not carry the case to the jury on a joint venture theory. See Commonwealth v. Burrell, 389 Mass. 804, 807-808, 452 N.E.2d 504 (1983); Commonwealth v. Bianco, 388 Mass. 358, 367, 446 N.E.2d 1041 (1983); Commonwealth v. Avery, supra.

That the evidence placed the Co-defendants in physical proximity to one another is not enough to show knowledge or intent under Massachusetts law. Commonwealth v. Avery, supra; see Commonwealth v. Jacobson, 19 Mass. App. Ct. 666, 477 N.E.2d 158 (1985)(fact that co-defendants may have had the opportunity

---

of consciousness of guilt alone. Francis v. Franklin, 471 U.S. 307, 105 S. Ct. 1965, 85 L.Ed.2d 344 (1985); Commonwealth v. Mandile, 403 Mass. 93, 102, 525 N.E.2d 1322 (1988); Commonwealth v. Salemme, 395 Mass. 594, 481 N.E.2d 471 (1985).

24

to communicate with each other prior to commission of crime not sufficient to establish elements of knowledge that crime was going to be committed or intent to assist). Guilt may not be established by association. Commonwealth v. Fancy, 349 Mass. 196, 200, 207 N.E.2d 276 (1965). Nor may guilt be established under Massachusetts law by evidence of association between co-defendants, coupled with consciousness of guilt. See Commonwealth v. Mandile, supra at 100.

Witnesses did not testify to any action of Petitioner which would tend to prove the knowledge or intent elements of joint venture liability to commit the crimes charged.[10] Where "there is insufficient proof on the essential element of intent, that element cannot be supplied by evidence of consciousness of guilt alone." Commonwealth v. Mandile, supra at 102. Thus, evidence of flight cannot compensate for the lack of evidence that Petitioner knew the crime was going to be committed, and

---

[10]. Evidence that Petitioner and his brother were driving in the same car earlier in the day; arrived at the party together; or were both at the party at the time in question, does not constitute evidence of a joint venture. Commonwealth v. Chinn, 6 Mass. App. Ct. 714, 717, 383 N.E.2d 90 (1978); Commonwealth v. Burrell, supra at 806-808 (1983); Commonwealth v. Crowe, 21 Mass. App. Ct. 456, 483, 488 N.E.2d 780 (1986), cert. denied, 479 U.S. 838, 107 S. Ct. 138, 93 L.Ed.2d 81 (1986).

stood ready to assist. <u>Commonwealth v. Salemme</u>, 395 Mass. 594, 481 N.E.2d 471 (1985). <u>Francis v. Franklin</u>, 471 U.S. 307, 105 S. Ct. 1965, 85 L.Ed.2d 344 (1985).

In a challenge under 28 U.S.C. section 2254 to the evidentiary sufficiency of a state criminal conviction, the Federal District Court reviews the evidence in the light most favorable to the State. A Habeas court considering a challenge to the sufficiency of the evidence, should consider whether any rational trier of fact could have found evidence sufficient to prove essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, <u>supra</u>; <u>Stewart v. Coalter</u>, 48 F.3d 610 (1st Cir. 1995); see <u>Ponnapula v. Spitzer</u>, 297 F.3d 172 (2d Cir. 2002).

It is respectfully submitted that there was insufficient evidence that Petitioner knew Satron intended to shoot Paul Allen, or of a plan or agreement to shoot Allen or assist the other in assaulting Allen, to satisfy the demands of the federal Due Process Clause. <u>Fiore v. White</u>, 528 U.S. 23, 120 S. Ct. 469, 145 L.Ed.2d 353 (2001); <u>Vachon v. New Hampshire</u>, <u>supra</u> 414 U.S. at 480; <u>Jackson v. Virginia</u>; <u>supra</u>; <u>In re: Winship</u>, 397 U.S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970); Fourteenth Amendment, United States Constitution. While referring to the evidence as "ample" that the defendants were acting in concert, the State Court identifies only two pieces of evidence as

supporting the second and third elements of joint venture. (See Decision, p. 4).

First, the Court references trial testimony of a confrontation between the Co-defendant and Alberto Brogan. Neither of the Co-defendants was charged with a crime against Alberto Brogan, and no evidence was adduced by the Commonwealth of any common plan or scheme involving Brogan and the indicted offenses.[11] The Trial Judge denied the Commonwealth's request for an instruction on transferred intent. (See Tr. III, 19). Thus, the law of the case does not permit use of evidence of either the Co-defendant's or the Petitioner's intent toward Alberto Brogan to satisfy the second and third elements of joint venture to commit the convicted offense.

Moreover, no connection between Brogan and Allen was revealed at trial. Any implication from the Commonwealth's presentation of the case that the motive for the Co-defendant to confront Alberto Brogan was racially based, simply was not connected by the evidence in any way to Allen.[12] See

---

[11]. The testimony of the Co-defendant's confrontation with Brogan established that Petitioner knew Satron had a gun (although not that the gun was loaded). Under Massachusetts law concerning accessorial responsibility for the possession of a weapon by another in a joint venture, proof beyond a reasonable doubt that the defendant knew the joint venturer had a gun is required. Commonwealth v. Fickett, 403 Mass. 194, 526 N.E.2d 1064 (1988).

[12]. As discussed at pages 43-46 of Toraino Pridgen's opening Brief in the Appeals Court, pages 10-11 of his Reply Brief, and

Commonwealth v. Mandile, supra at 101; compare, Commonwealth v. Longo, supra. Therefore, Nevlina Scott's testimony that Petitioner was encouraging Satron to shoot Alberto Brogan does not establish either that Petitioner knew Satron was going to shoot Paul Allen, had formed a plan or agreement to assault Allen or stood ready to assist Satron in shooting Allen. Commonwealth v. Sanchez, supra at 411. It is respectfully submitted that, even under the deferential standard of AEDPA, the State Court's reliance on this evidence to affirm under federal law would be an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Williams v. Taylor, 529 U.S. at 412-413; Rashad v. Walsh, 300 F.3d 27 (1st Cir. 2002); 28 U.S.C. section 2254(d)(1).

Second, when Paul Allen testified that immediately prior to his being shot he saw Satron nod in Petitioner's direction, Allen characterized the nod as a "nod in agreement". (Tr. I,

---

pages 15-16 of his Application for Further Appellate Review, incorporated by reference herein, and Argument II, infra, the hearsay statements of the Co-defendant and Petitioner were not properly admitted into evidence within any exception to the Massachusetts hearsay rule, and were inadmissible hearsay under State law. See Commonwealth v. White, 370 Mass. 703, 708-709, 352 N.E.2d 904 (1976); Commonwealth v. Melanson, 53 Mass. App. Ct. 576, 760 N.E.2d 794 (2002)("A conspirator's extrajudicial statement made in the course of and in furtherance of the conspiracy is admissible against a fellow conspirator provided the conspiracy is shown by independent evidence.)

210-211; See Paul Allen's testimony in "Statement of Facts" supra at 10-11). Petitioner's Counsel objected to the characterization of Satron's action, and the Trial Judge sustained the objection ruling that Allen could testify to what he saw and did. Id.

Thus, the evidence admitted at trial did not include evidence that "a nod of agreement exchanged between Satron and Toraino just before Allen was shot" relied on in the Appeals Court Decision at page 4.[13] It is respectfully submitted that "clear and convincing evidence" rebuts the presumption under AEDPA that factual determinations made by the State Court are correct. Williams v. Taylor, supra; 28 U.S.C. section 2254 (e)(1). Even under the deferential standard of AEDPA, the State Court's reliance on excluded evidence to affirm under federal law would be an unreasonable determination of the facts, and an unreasonable application of clearly established federal law as

---

[13]. Moreover, it is respectfully submitted that Allen's opinion that Satron "nodded in agreement" in Petitioner's direction, does not, with out testimony of any overt act by Petitioner or any evidence of a prior agreement between Petitioner and Satron, provide evidence that Petitioner was agreeing or had agreed to any act. An inference that the "nod" by Satron toward Petitioner meant the Defendant knew Satron intended to shoot Allen, and stood ready to assist him, is not reasonable. See Commonwealth v. Giang, 402 Mass. 604, 609, 524 N.E.2d 383 (1988). Such an inference is impermissibly remote, and no more than "a hint" of a joint venture. Commonwealth v. Avery, supra at 783; Commonwealth v. Giang, supra at 609; Commonwealth v. Jacobson, 19 Mass. App. Ct. 666, 477 N.E.2d 158 (1985).

law would be an unreasonable determination of the facts, and an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. <u>Williams v. Taylor</u>, <u>supra</u>; <u>Rashad v. Walsh</u>, 300 F.3d 27 (1st Cir. 2002); 28 U.S.C. section 2254(d)(1)(2).

There was no evidence that Petitioner had made a prior agreement with Satron to shoot Allen; no evidence that Petitioner communicated with Satron regarding assaulting Allen; and apart from Allen's testimony that it was Petitioner who shot him, no evidence that Petitioner engaged in any overt act to assist Satron in shooting Allen. The State Court holds that:

> "A person's knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial." <u>Commonwealth v. Casale</u>, 381 Mass. 167, 173 (1980). "The inferences drawn by the [factfinder] need only be reasonable and possible and need not be necessary or inescapable." <u>Ibid</u>.

(Decision at p. 4). However, on federal habeas review, "where a fact to be proved is also an element of the offense," and this fact is being established by permissible inferences, "we must...be satisfied that the inferences are sufficiently supported to permit a rational juror to find that the element, like all elements, is established beyond a reasonable doubt." <u>United States v. Soto</u>, 47 F.3d 546, 549 (2d Cir. 1995).

"It is beyond question, of course, that a conviction based on a record lacking any relevant evidence as to a crucial element of the offense charged...violate[s] due process." Vachon v. New Hampshire, supra citing cases. There was of course testimony, which if believed by the Jury, would have supported a conviction of Petitioner as a principal, i.e. the person who shot Allen. However, the special verdict establishes that the Jury did not so find. Sullivan v. Louisiana, supra; Griffin v. United States, supra.

"[A] criminal defendant is constitutionally entitled to a jury verdict that he is guilty of the crime...". California v. Roy, 519 U.S. 2, 117 S. Ct. 337, 136 L.Ed.2d 266 (1996), citing Sullivan v. Louisiana, supra. The special verdict slips show that the Jury found Petitioner guilty as a joint venturer, and not as a principal. Thus, it is clear that the Jury rejected that portion of Allen's testimony that the Defendant fired a gun at him. See Commonwealth v. Mandile, supra; Commonwealth v. Matchett, 386 Mass. 492, 511, 436 N.E.2d 400 (1982). (See jury instruction on joint venture, R.A. 20-25). The Jury also acquitted Petitioner on the indictment charging that he was in possession of a gun.

A jury verdict that Petitioner was guilty of assaulting Allen with a dangerous weapon as a joint venturer under Massachusetts law, means that the evidence provided proof beyond

31

a reasonable doubt of <u>each necessary element</u> of the crime, including the two elements of joint venture liability for which there is no evidence. <u>See</u> <u>California v. Roy</u>, <u>supra</u>, citing <u>United States v. Gaudin</u>, 515 U.S. 506, 115 S. Ct. 2310, 132 L.Ed.2d 444 (1995). To any extent that the State appellate Court relied on facts which would support a verdict based on principal liability, or allow affirmance of a general verdict under State law based on sufficient evidence of principal liability, such reliance is clearly contrary to United States Supreme Court authority. <u>California v. Roy</u>, <u>supra</u>; <u>Sullivan v. Louisiana</u>, <u>supra</u>. (See Decision at pages 4-5: "A perpetrator can act as principal, a joint venturer, or successively in both roles. [citations omitted] The jury are not required to conclude unanimously that the defendant was either the principal or the joint venturer, so long as sufficient evidence exists to support either role." [citations omitted]).)

It is respectfully submitted that the evidence is legally insufficient under well-settled United States Supreme Court authority to establish proof beyond a reasonable doubt for each element of the convicted offense; and that therefore Petitioner's conviction violates the Fourteenth Amendment's guarantee of Due Process of Law. <u>Jackson v. Virginia</u>, <u>supra</u>; <u>Vachon v. New Hampshire</u>, <u>supra</u>; <u>In re: Winship</u>, <u>supra</u>.

II. <u>The Joint Trial Was Not a Fair Trial Under Clearly Established Supreme Court Authority, and Denied Petitioner Due Process of Law Guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.</u>

    A. <u>The standard of review of Petitioner's second claim is de novo.</u>

It is respectfully submitted that the State Court decision that the trial court did not abuse its discretion in denying Petitioner's Motion for severance is based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. <u>Williams v Taylor</u>, <u>supra</u>; <u>McCambridge v. Hall</u>; 28 U.S.C. section 2254(d)(1)(2). The State Court decision does not cite any federal authority. <u>Fryar v. Bissonnette</u>, <u>supra</u>. It is respectfully submitted that the correct standard of review to be applied in this Honorable Court to Petitioner's second claim is de novo. <u>Fryar v. Bissonnette</u>, <u>supra</u>; <u>Fortini v. Murphy</u>, 257 F.3d 39, 47 (1st Cir. 2001).

The principal state Court case cited in the decision, <u>Commonwealth v. Moran</u>, 387 Mass. 644, 442 N.E.2d 399 (1982), cites federal authority, on which Petitioner relied in making his argument to the Massachusetts Courts.[14]

---

[14]. <u>Commonwealth v. Moran</u>, <u>supra</u> was the controlling case in Massachusetts on the severance issue, and was cited by Petitioner on direct appeal, and in his Application for Further Appellate Review in the Massachusetts Supreme Judicial Court. In <u>Commonwealth v. Moran</u>, two co-defendants were jointly tried for the robbery and murder of a man they had followed out of a

However, the State Court decision does not: rely on the federal cases discussed in Commonwealth v. Moran; address Petitioner's argument that he was denied a fair trial under federal law; or mention Petitioner's argument that the trial violated his federal Due Process rights.[15] (See Decision at pages 1-3).

---

bar. There were no witnesses to the murder except one or both of the defendants. The prosecution introduced evidence of joint venture robbery and assault. The defendants each testified that the other was responsible for the victim's death. The Massachusetts Supreme Judicial Court held that the co-defendant's defenses were "mutually antagonistic and irreconcilable," that the prejudice to each was "compelling," and that tried together neither defendant had a fair trial.

[15]. The State Court's decision in the instant case does not generally track Massachusetts case law on severance of defendants. In Commonwealth v. Sinnott, 399 Mass. 863 (1987), the Massachusetts Supreme Judicial Court distinguished Commonwealth v. Moran, supra on the basis that in Sinnott there were four eyewitnesses who "persisted under vigorous cross-examination in testifying that both defendants took active parts in battering" the victim. Commonwealth v. Sinnott, supra at 875. The Massachusetts Supreme Judicial Court's holding in Sinnott was not that any time there are eyewitnesses other than the defendants, severance is not required for a fair trial. Rather, the Sinnott Court held that "prejudice [from the joint trial] can be obviated by eyewitness testimony which strongly implicates both defendants." Commonwealth v. Sinnott, supra at 875 (citing state cases). The Sinnott Court specifically distinguished People v. Espinosa, 142 Mich. App. 99, 369 N.W.2d 265 (1985), in which four eyewitnesses also testified, "but their accounts varied widely concerning a point the court thought important; and only one witness claimed to have seen the fatal shots fired." Id. Thus, the Supreme Judicial Court distinguished the facts of Sinnott from a case with facts similar to the facts in the instant case. Id. The Sinnott Court noted that "the Espinosa jury, as a practical matter, did not benefit in any substantial or clearly probative way" from the testimony of the eyewitnesses. Id. That was precisely the

Thus, Petitioner asserts that the second claim in his Petition for a Writ of Habeas Corpus should also be reviewed de novo. Id. However, should this Honorable Court disagree, it is respectfully submitted in the alternative, that even under the deferential standard of review under the Antiterrorism and Effective Death Penalty Act, issuance of a Writ of Habeas Corpus is warranted. Williams v. Taylor, supra; McCambridge v. Hall, supra; 28 U.S.C. 2254(d)(1)(2), and (e)(1).

The Massachusetts Court holds that severance was not required because: 1.) there was proof available from witnesses other than the Co-defendants to establish who committed the crime and the manner of its accomplishment; 2.) the defenses actually conducted were neither mutually antagonistic nor irreconcilable because the focus of Petitioner's defense was the confused and unreliable nature of the testimony, as opposed to pointing the finger at his co-defendant; 3.) the prejudice resulting from a joint trial was not so compelling as to prevent a fair trial. (Decision, 2-3).

---

problem here. Although there were in fact numerous witnesses at the party, only one person, Allen testified that Petitioner was involved in assaulting him.