B.  The State Court decision is based on an
unreasonable determination of the facts.

1.  The State Court apparently
misapprehended, or unreasonably interpreted,
the record in deciding Petitioner's case.

The State Court's Decision at page 3 states:  "despite
Toraino's assertion to the motion judge that his only realistic
defense was to inculpate Satron, Toraino's presentation at trial
was to the contrary."[16]  The transcript of proceedings referred
to reveals that in his opening statement Petitioner's Counsel
specifically stated:  "So I suggest the evidence will be that
there were two shots fired, that they were fired from the same
weapon, and that those shots were fired by Satron Pridgen not by
Toraino Pridgen."  (Tr. I, 83).

The transcript also reveals that in his closing argument
Petitioner's Counsel argued: witnesses who know Toraino and
Satron Pridgen testified that Petitioner did not display a gun;
that it was Satron who fired a gun; that Petitioner did not
encourage the shooting; and that the victim's first
identification of the shooter as Satron Pridgen was more
credible than his later identification of Petitioner as being
involved in the shooting; and that the clothing and hairstyle of

---

[16]. The Decision cites page 15 of Petitioner's Brief in the
Massachusetts Appeals Court.  However, it appears that the Court
was referring to page 15 of Satron Pridgen's Brief, which cites
portions of Petitioner's Counsel's opening and closing

the shooter described Satron's clothing and hairstyle, and not Petitioner's clothing or hair. (Tr. III, 39, 48, 53, 57-68). Thus, it is respectfully submitted that "clear and convincing evidence" contained in the transcript of proceedings below rebuts the presumption under the AEDPA that the state court's factual findings are correct. Williams v. Taylor, supra; 28 U.S.C. section 54 (e)(1).

Moreover, in light of the evidence, which in the Judge's estimation was "crystal clear" that one or the other of the co-defendants assaulted Allen, all arguments by one Co-defendant that the evidence against him was not sufficient to convict, cast the blame onto the other. United States v. Tootick, supra at 1081("While Tootick did not directly accuse his codefendant,....Each defense theory contradicted the other in such a way that the acquittal of one necessitates the conviction of the other."); see United States v. Smith, 788 F.2d 663 (10th Cir. 1986).

> 2.  The Court inaccurately construed the record in holding that "other conduct from which the elements of joint venture could be established" included testimony of a "nod in agreement" exchanged between Satron and Toraino.

As set forth in the Statement of Facts at pages 10-12 supra, and discussed in Argument I at pages 28-30 supra, Paul

---

statements. (See page 15 of Satron Pridgen's opening Brief in

Allen testified that Satron Pridgen nodded in Petitioner's
direction before Allen was shot.  An objection to Allen's
characterization of Satron's nod as being a "nod in agreement"
was sustained.[17]  Therefore, the evidence does not include a "nod
in agreement" between Petitioner and the Co-defendant.  The
Court refers to this matter at page 2 of its decision ("As
discussed below,"..."other conduct from which the elements of
joint venture could be established") in the discussion of the
denial of Petitioner's severance motion, and refers more
specifically to this excluded testimony at page 4 ("The evidence
was ample that in confrontations, first with Brogan and then
with Allen....the Pridgen brothers were acting in concert.
Included in this evidence is..........as well as a nod of
agreement exchanged between Satron and Toraino just before Allen
was shot.").

Thus, It is respectfully submitted that "clear and
convincing evidence" rebuts the presumption under AEDPA that the
State Court's factual determinations are correct.  Williams v.
Taylor, supra; 28 U.S.C. section 2254 (e)(1).  Even under the

---

the Massachusetts Appeals Court, attached hereto as Appendix B).
[17] .  It is of course beyond cavil that a lay witness may testify
to what he perceives with his senses, and not to what he thinks
someone else was thinking.  See Commonwealth v. Wolcott, 28
Mass. App. Ct. 200, 207, 548 N.E.2d 1271 (1990) citing
Commonwealth v. Tracy, 349 Mass. 87, 95-96, 207 N.E.2d 16
(1965), cert. denied 384 U.S. 1022 (1966)(lay witnesses must

deferential standard of AEDPA, the State Court's reliance on
excluded evidence to affirm under federal law would be an
unreasonable determination of the facts, and an unreasonable
application of clearly established federal law as determined by
the Supreme Court of the United States. <u>Williams v. Taylor</u>,
<u>supra</u>; <u>Rashad v. Walsh</u>, 300 F.3d 27 (1st Cir. 2002); 28 U.S.C.
section 2254(d)(1)(2).

> C.  The State Court Determination that Severance of
> Defendants was not Required is Contrary to Clearly
> Established Federal Law as Determined by the Supreme
> Court of the United States.

It is respectfully submitted that if the State Court
made its decision under federal law, the determination that
the denial of Petitioner's motion for severance[18] did not
deny him a fair trial, is an unreasonable application of

---

confine their testimony "to what they have themselves gleaned
from the use of their senses....").
[18]  .  The Massachusetts rule governing severance, Massachusetts
Rule of Criminal Procedure 9(d)(1), generally tracks Federal
Rule of Criminal Procedure 14.  <u>See</u> <u>Commonwealth v. Moran</u>, 387
Mass. 644, 655 (1982).  Reporter's Notes to Mass. R. Crim. P. 9.
The Massachusetts rule requires a defendant move for severance
pretrial.  Mass. Crim. P. 9(d)(2).  It does not allow a
subsequent motion for severance "unless based upon a ground not
previously known."  <u>Id</u>.  (It appears that having different
judges hear motions and conduct the trial in a case is routine
local practice in Worcester Superior Court.)  The Massachusetts
Rule places on the trial judge a continuing duty to grant
severance or provide whatever relief justice may require if
joinder is not in the best interests of justice.  Mass. R. Crim.
P. 9(d)(1).

clearly established federal law.  28 U.S.C. section
2254(d)(1).  The leading United States Supreme Court
authority on severance of defendants in the context of
defenses which are mutually antagonistic is Zafiro v.
United States, 506 U.S. 534, 113 S. Ct. 933, 122 L.Ed.2d
317 (1993).

The Zafiro Court held that the defendants could not
articulate any prejudice from their joint trial, and
therefore did not need to be severed to obtain a fair
trial.  Zafiro v. United States, supra.  This was so even
though the co-defendants' defenses were alleged to be
"mutually exclusive."  The Court rejected "a bright-line
rule, mandating severance whenever codefendants have
conflicting defenses" in favor of a case specific
evaluation of prejudice from a joint trial.  Id.

Zafiro Court holds that when defendants properly have
been joined, a court should grant a severance only if there
is a serious risk that a joint trial would compromise a
specific trial right of one of the defendants, or prevent
the jury from making a reliable judgment about guilt or
innocence.  Zafiro v. United States, 506 U.S. at 539; see
United States v. Jones, 10 F.3d 901, 908-909 (1st Cir.
1993).  It is respectfully submitted that here, there is a
serous risk that the joint trial prevented the Jury from

making a reliable judgement about guilt or innocence, and
denied Petitioner the opportunity to cross-examine the Co-
defendant regarding his hearsay statements admitted through
Nevlina Scott.  Id.

Several factors resulting from the joint trial created
a serious risk that the jury was prevented from making a
reliable determination of Petitioner's guilt or innocence.
First, The joint trial created the danger that the Jury
unjustifiably inferred from the conflicting evidence and
defenses that both defendants were guilty.  See Zafiro v.
United States, supra at 544 (Justice Stevens, concurring).
This problem was evidenced here by the failure of the Jury,
in the context of the instructions and special verdict
slips, to find either Co-defendant liable as a principal,
yet to find Petitioner guilty as a joint venturer on
legally insufficient evidence of joint venture.  (See Jury
Instructions at Tr. III, 139-140 and Tr. III, 124-129; and
special "Verdict Slip," R.A. 10; Argument I, supra).

The evidence submitted to the Jury tended to establish
that either Petitioner or his brother (who look alike), but
not necessarily both men, committed an indicted offense,
and evidence of joint venture was weak.  At the joint
trial, the evidence that both men shot Paul Allen was weak,
and was ultimately rejected by the Jury.  Petitioner was

acquitted of the charge of possession of a firearm. Thus,
Petitioner's case is distinguishable from cases in which
there is strong evidence of a joint venture.

The record indicates that the parties and the Trial
Judge were confused about which man was alleged to have
done what, as well as the Commonwealth's theory of the
case. (Tr. II, 199-202, 203-208). It seems likely that
the Jurors were similarly confused, while endeavoring to
consider each defendant's case separately. Francis v.
Franklin, supra at n. 9; see Stanford v. Parker, 266 F.3d
442 (6th Cir. 2001)(mere potential for confusion, standing
alone, will not outweigh society's interest in the speedy
and efficient resolution of criminal trials). However, as
the Trial Judge commented to Counsel: "It's crystal clear
that one of those two guys shot the bullet into this
fellow's head." (Tr. IV, 9).

It is respectfully submitted that the joint trial was
not a fair trial where witnesses could not tell two men
apart, one of whom likely committed a crime, and that the
Jury can not be expected to have made a reliable
determination of Petitioner's guilt. Zafiro v. United
States, supra; United States v. Tootick, 952 F.2d 1078,
1081 (9th Cir. 1991)("The probability of reversible
prejudice [from a joint trial] increases as the defenses

move beyond the merely inconsistent to the antagonistic.");
Fourteenth Amendment, United States Constitution.

Second, the improper admission of hearsay regarding
the alleged confrontation with Alberto Brogan prejudiced
Petitioner. Zafiro v. United States, supra; see e.g.
Clemons v. Walls, 202 F.Supp.2d (N.D.Ill. 2002). (See
pages 43-46 of Toraino Pridgen's opening Brief in the
Appeals Court, pages 10-11 of his Reply Brief, and pages
15-16 of his Application for Further Appellate Review,
incorporated by reference herein, and Argument I, supra.)
While an error of a state court concerning the admission of
evidence is not normally an error of constitutional
dimension, here, it appears that the admission of the
hearsay statements of the Co-defendants may have altered
the verdict, thus denying Petitioner his federal Due
Process right to a fair trial. Id.

Neither the prosecutor nor the Trial Court nor the
appellate Court identified any permissible basis for
admitting the hearsay statements of Petitioner and the Co-
defendant with regard to Alberto Brogan. The Jury likely
received the evidence as proof that the Co-defendants had a
propensity for violence, and that Petitioner was guilty by
association with Satron, his brother. See Bruton v. United
States, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476

(1968); Clemons v. Walls, supra; Commonwealth v. Martino,
412 Mass. 276, 588 N.E.2d 651 (1992); Commonwealth v.
Mandile, 403 Mass. 93, 525 N.E.2d 1322 (1998).  "An
important element of a fair trial is that a jury consider
only relevant and competent evidence bearing on the issue
of guilt or innocence." Bruton v. United States, 391 U.S.
at 132.

Further, the joint trial prevented Petitioner from
cross-examining the Co-defendant regarding his alleged
statements to Brogan, denying him a specific trial right.
Zafiro v. United States, supra; see Crawford v. Washington,
__ U.S. __, 124 S. Ct. 1354, 158 L.Ed.2d 177 (2003); Lilly
v. Virginia, 527 U.S. 116, 119 S. Ct. 188, 144 L.Ed.2d 117
(1999). Bruton v. United States, supra.  Thus, the
reliability of the hearsay was further undermined by the
lack of an opportunity to cross-examine.  Id.

It is respectfully submitted that Petitioner, who asserts
his innocence, was unable to receive a fair trial and suffered
compelling prejudice from the joint trial against which the
trial court could offer no protection. United States v. Rucker,
915 F.2d 1511 (11th Cir. 1990).  The evidence against Petitioner
was particularly weak.  Only one witness, Paul Allen, who had
never met Petitioner, identified Petitioner as the man who shot
him at a crowded, dimly lit party.  There were a lot of other

men at the party. The record reflects another man arrived at the party with the Co-defendant. Allen identified someone other than Petitioner from a photo array immediately after the shooting.

At trial, Allen could not testify that both Co-defendants shot him. Further, Allen was subject to strong inducement to testify against Petitioner by virtue of an agreement with the State to testify against both Defendants in exchange for which he would not be prosecuted for drug charges, which Allen understood would have subjected him to deportation. Zafiro v. United States, 506 U.S. at 539; (Tr. I, 217-219, 244-248, 251).

The circumstances under which severance is required to protect the rights of the accused need not reach the level of deprivation of constitutionally guaranteed Due Process of Law. Zafiro v. United States, supra, Commonwealth v. Moran, supra at n.5.
However, as discussed in Justice Stevens concurring opinion in Zafiro v. United States, a jury confronted with two defendants, one of whom is almost certainly guilty, may convict a defendant without regard to whether the prosecution has proved his guilt beyond a reasonable doubt. Zafiro v. Unites States, supra at 544.

Petitioner had a constitutional right to have the state prove his guilt beyond a reasonable doubt. In re: Winship,

45

supra; Fourteenth Amendment, United States Constitution.  Here,
the risk of jury confusion and prejudice to each of the
Defendants from the joint trial jeopardized Petitioner's right
to have the charges against him proved beyond a reasonable doubt
and increased the risk of an unreliable verdict.  Zafiro v.
United States, supra; In re: Winship, supra.

It is respectfully submitted that the prejudice to
Petitioner from the joint jury trial was so substantial as
to prevent a reliable judgement about guilt or innocence,
and denied him Due Process of law.  Zafiro v. United
States, supra; Fourteenth Amendment, United States
Constitution.

CONCLUSION

For reasons stated above, it is respectfully requested that a Writ of Habeas Corpus be granted and Petitioner released as Double Jeopardy bars his retrial, and a judgement of acquittal entered. <u>Burks v. United States</u>, 437 U.S. 1, 98 S. Ct. 2141, 57 L.Ed.2d 1 (1978). In the alternative, it is respectfully requested that a Writ of Habeas Corpus be granted, and Petitioner's case remanded for a retrial.

Respectfully submitted,

*Karen Elizabeth Morth*

Karen Elizabeth Morth, Esq.
BBO# 553988
67 Wall Street, 22nd Floor/#5720
New York, New York   10005
(212) 804-5720

Dated:  April 30, 2004

I hereby certify that a true copy of the above document was served upon Susanne G. Reardon, Esq., Office of the Massachusetts Attorney General, and Frederic Bartmon, Esq., counsel for Satron Pridgen by mail on 5/1/04.

*Karen Elizabeth Morth*