UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12332-RWZ

TORAINO PRIDGEN

v.

LUIS SPENCER

MEMORANDUM OF DECISION

June 28, 2004

ZOBEL, D.J.

On January 14, 1999, petitioner Toraino Pridgen was indicted in state court on the following counts: (1) assault and battery with a dangerous weapon, (2) unlawful possession of a firearm, and (3) armed assault with intent to murder.  In November of the same year, he and his brother, Satron, were tried before a jury and he was convicted on count one under the theory of joint venture, but acquitted on the remaining two counts.  Petitioner was subsequently sentenced to nine to ten years in state prison.  He appealed and the Massachusetts Appeals Court affirmed his conviction.  Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion).  After the Massachusetts Supreme Judicial Court denied his application for leave to obtain further appellate review, Commonwealth v. Pridgen, 772 N.E.2d 588 (Mass. 2002), petitioner filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court.  He asserts that his conviction: (1) violated his Fourteenth Amendment rights because the evidence at trial was legally insufficient to convict him, and (2) violated his Due Process rights under the Fifth

and Fourteenth Amendments because the joint trial with his brother as co-defendant was unfair.  Respondent Luis Spencer opposes.

The Court reviews this petition under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The AEDPA precludes a federal court from granting habeas corpus relief unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). Furthermore, the state court's factual findings must be "presumed to be correct," and petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

At the trial, Nevlina Scott testified that she had a birthday party in her mother's apartment in Fitchburg on the night of October 24, 1998.  Petitioner and Satron came to the door, and Satron began to argue with Alberto Brogan, who was standing in the doorway.  There was evidence of petitioner "encouraging Satron to shoot when Satron put a gun to Brogan's temple, as well as a nod of agreement exchanged between Satron and [petitioner] just before [another party guest, Paul] Allen[,] was shot."  Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion) (citations omitted).

A conviction based on inadequate evidence constitutes a denial of due process. Jackson v. Virginia, 443 U.S. 307, 314 (1979).  The question then becomes "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at

319.  Under Massachusetts law, a joint venture is established if the defendant was "(1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary."  Commonwealth v. Longo, 524 N.E.2d 67, 70 (Mass. 1988)(citation and quotations omitted).  Knowledge may be inferred from the facts and circumstances.  Commonwealth v. Casale, 408 N.E.2d 841, 846 (Mass. 1980).  Such inferences "need only be reasonable and possible and need not be necessary or inescapable."  Id.

Petitioner contends that there was insufficient evidence as to the latter two elements necessary to establish a joint venture.  He argues that the testimony that he encouraged Satron to shoot Brogan does not establish that the brothers had formed an agreement to shoot Allen especially since the trial judge denied the Commonwealth's request for jury instruction on transferred intent.  (Pet. at 28).  Petitioner also notes that the trial court struck Allen's characterization of the nod immediately preceding the shooting as a sign of agreement.  However, as the Appeals Court observed, ample evidence had been adduced from which jury could reasonably infer that petitioner knew that Satron was going to shoot someone and that Satron's nod did signify an agreement between the two that the victim was to be Allen.  Therefore, ground one of the petition for habeas corpus fails.

Up until now, petitioner has relied solely on state law in arguing that the trial should have been severed.[1]  The Court may have erred in earlier denying respondent's motion to dismiss for petitioner's failure to exhaust state remedies.  In any case, his arguments do not withstand scrutiny on the merits under federal law.  Where defendants are properly

---

[1] The Appeals Court noted that petitioner presented his severance motion based on Commonwealth v. Moran, 442 N.E.2d 399 (Mass. 1982), and not Bruton v. United States, 391 U.S. 340 (1968).  Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion).

3

joined, a court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Petitioner's argument concerning a couple of statements made by his counsel in both opening and closing arguments do not suffice to establish that co-defendants' defenses were mutually antagonistic and irreconcilable. In fact, the Appeals Court found that "the focus of [petitioner's] defense was the confused and unreliable nature of the testimony that he was the shooter or had knowledge that the victim, Paul Allen, was going to be shot." Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion). Furthermore, his argument that the jury might decide, in view of the conflicting evidence and defenses, that both defendants were guilty was squarely rejected in Zafiro. Zafiro, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."). Therefore, ground two of the petition also fails.

     Accordingly, the Writ of Habeas Corpus is denied. Judgment may be entered dismissing the petition.

| | |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |