FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 2004 JUL 12 P 3:40

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Toraino Pridgen, | : |
|     Petitioner, | : |
| v. | :  Civil Action No. 03-12332-RWZ |
| Luis Spencer, et al., | : |
|     Respondents. | : |

MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER AND
FOR ADDITIONAL FINDINGS; AND TO ALTER OR AMEND
THE JUDGEMENT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 59(e).

1. Undersigned counsel submits this motion for the purpose of bringing to this Honorable Court's attention a possible error in the "Memorandum of Decision" dated June 28, 2004.

2. While Petitioner respectfully disagrees with other aspects of the Decision which, if need be, he intends to raise in a request for a Certificate of Appealability, this motion is submitted to request reconsideration of the following finding of fact and/or conclusion of law on page 3 of this Honorable Court's "Memorandum of Decision":

> However, as the Appeals Court observed, ample evidence had been adduced from which jury could reasonably infer that petitioner knew that Satron was going to shoot someone and that Satron's nod did signify an agreement between the two that the victim was to be Allen.

4. The Court of Appeals Decision to which this Court's Decision refers states in pertinent part at page 4:

> The evidence was ample that in confrontations, first with Brogan and then with Allen, the Pridgen brothers were acting in concert. Included in this evidence is Toraino's encouraging Satron to shoot when Satron put a gun to Brogan's temple (Tr. 1/103-107, 145-147, 148-149, 155-157), as well as a nod of agreement exchanged between Satron and Toraino just before Allen was shot. (Tr. 1/210-211).

5. It is not clear to undersigned counsel what other other evidence this Court is referring to as having been adduced "from which [the/a] jury could reasonably infer that petitioner knew that Satron was going to shoot someone and that Satron's nod did signify an agreement between the two that the victim was to be Allen". Thus, it is respectfully requested that this Honorable Court make additional findings identifying the evidence this Court has determined supports the two latter elements necessary to establish a joint venture. As indicated in the certificate of compliance with Local Rule 7.1, the Assistant Attorney General consented to undersigned counsel requesting additional findings on this point.

6. Undersigned counsel makes this motion on Toraino Pridgen's behalf because after several careful reviews of the trial record for proceedings in State and federal court over the past four years, she can identify no competent

evidence in the trial record against him on the two elements in question. (See "Petitioner's Memorandum in Support of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. section 2254," 4-16, 19-32). In addition, Petitioner states that he is innocent.

7. It is respectfully requested that if after further review, the Court can not find additional facts in the record to support each of the two elements in question beyond a reasonable doubt, that this Honorable Court alter or amend the judgement to grant Petitioner a Writ of Habeas Corpus. (See authority cited at pages 19-32 of Petitioner's Memorandum in Support of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. section 2254); Federal Rule of Civil Procedure 59(e).

8. If the Court would find additional briefing on any factual or legal issue in the case helpful, undersigned counsel would be happy to submit additional briefing.

9. Should this Honorable Court find that the trial record contains any evidence not mentioned in the Massachusetts Appeals Court Decision or its "Memorandum of Decision" tending to establish the elements of joint venture liability in question, undersigned counsel respectfully requests oral argument. In addition, if the Court would find argument on any aspect of the case

helpful, undersigned counsel would of course be happy to appear for argument.

10. Therefore, for the reasons stated above, Petitioner respectfully requests that this Honorable Court: reconsider its June 28, 2004 Memorandum of Decision and Order of Dismissal, alter or amend the judgement to grant Petitioner a Writ of Habeas Corpus, and enter additional findings; or set the case for oral argument.

                                     Respectfully submitted,

                                     Karen Elizabeth Morth, Esq.
Attorney for Toraino Pridgen
BBO# 553988
67 Wall Street, 22nd Floor/#5720
New York, New York  10005
(212) 804-5720

Dated:  July 9, 2004

5