UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Toraino Pridgen,                    :
                                    :
        Petitioner,                 :
                                    :
        v.                          :        Civil Action No. 03-12332-RWZ
                                    :
Luis Spencer, et al.,               :
                                    :
        Respondents.                :

## PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. section 2253, F.R.A.P. 22(b) and Local Rule 22.1, Petitioner Toraino Pridgen, hereby applies for a certificate of appealability with respect to each of the issues raised in his petition for a writ of habeas corpus. In support of this application, Petitioner incorporates by reference his: "Motion to Reconsider and for Additional Findings; and to Alter or Amend the Judgement pursuant to Federal Rule of Civil Procedure 59(e)"; and "Petitioner's Memorandum in Support of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. section 2254"; and "Petitioner's Memorandum in Opposition to Motion to Dismiss and Request for Protection from Effect of One-Year Statutory Bar in the Event that This Honorable Court Finds This a 'Mixed Petition'".

In addition, in response to the decisions of this Honorable Court, Petitioner says as follows in support of his request for the issuance of a certificate of

appealability. (This Court's Order of Dismissal and
Memorandum of Decision is attached hereto as Exhibit A; this
Court's Decision denying Petitioner's Motion pursuant to
F.R.C.P. 59(e) is attached as Exhibit B).

> ISSUE ONE: PETITIONER'S CONVICTION VIOLATED HIS
> FOURTEENTH AMENDMENT RIGHTS BECAUSE THE EVIDENCE
> AT TRIAL WAS LEGALLY INSUFFICIENT TO PROVE BEYOND
> A REASONABLE DOUBT TWO OF THE THREE ELEMENTS OF
> JOINT VENTURE LIABILITY UNDER MASSACHUSETTS LAW.

1.    This Honorable Court reviewed Petitioner's claim
that his state conviction violated his Fourteenth Amendment
rights because the evidence at trial was legally
insufficient to convict him, under 28 U.S.C. section 2254 as
amended by the Antiterrorism and Effective Death Penalty
Act. (Decision at p. 2). However, because the state court
decision does not mention federal law, or cite state law
that discusses federal law governing sufficiency of the
evidence for conviction, Petitioner respectfully submits
that under prevailing First Circuit authority, de novo
review is the correct standard of review. Fryar v.
Bissonette, 318 F.3d 339 (1st Cir 2003) DiBenedetto v.
Hall, 272 F.3d 1 (1st Cir. 2001); Fortini v. Murphy, 257
F.3d 39 (1st Cir. 2001). (See "Petitioner's Memorandum in
Support of Petition for a Writ of Habeas Corpus Pursuant to
28 U.S.C. section 2254," at pages 19-20).

The First Circuit Court of Appeals held in DiBenedetto
v. Hall, supra:

> If the state court has not decided the federal
> constitutional claim (even by reference to state
> court decisions dealing with federal
> constitutional issues), then we cannot say that

> the constitutional claim was "adjudicated on the
> merits" within the meaning of section 2254 and
> therefore entitled to the deferential review
> prescribed in subsection (d).

And last year in <u>Fryar v. Bissonette</u>, <u>supra</u>, the First
Circuit specifically held that circuit precedent requires de
novo review where the state court does not address a habeas
petitioner's federal claims. Thus, it is respectfully
submitted that this Honorable Court erred in applying
AEDPA's deferential standard of review to his first claim.

    2.  As previously argued both before the state
appellate courts, and in "Petitioner's Memorandum in Support
of Petition for a Writ of Habeas Corpus Pursuant to 28
U.S.C. section 2254" and "Motion to Reconsider and for
Additional Findings; and to Alter or Amend the Judgement
Pursuant to Federal Rule of Civil Proceedure 59(e),"
Petitioner maintains that the trial record does not contain
any evidence of two of the three elements of joint venture
liability under state law:  whether the defendant's presence
at the scene of the crime was:  "with knowledge that another
intends to commit the crime or with intent to commit a
crime"; and "by agreement is willing and available to help
the other if necessary".  (See Decision of 6/28/04, p. 3).

    It is respectfully submitted that this Honorable
Court's conclusion to the contrary at page 3 is in error:

> However, as the Appeals Court observed, ample
> evidence had been adduced from which [the/a] jury
> could reasonably infer that petitioner knew that
> Satron was going to shoot someone and that
> Satron's nod did signify an agreement between the
> two that the victim was to be Allen.

The state court made only the following findings:

> The evidence was ample that in confrontations,
> first with Brogan and then with Allen, the Pridgen
> brothers were acting in concert.[1]  Included in
> this evidence is Toraino's encouraging Satron to
> shoot when Satron put a gun to Brogan's temple[2]
> [citations omitted], as well as a nod of agreement
> exchanged between Satron and Toraino just before
> Allen was shot.[3]  [citation omitted].  (Footnotes
> added).

Massachusetts Appeals Court Decision at p. 4.

---

[1].  While a factual finding that the record demonstrates
that Petitioner and Satron Pridgen were acting together in
an altercation with Brogan may be reasonable on the record,
the trial judge ruled that evidence of intent from this bad
act may not be used as evidence of intent to commit the
indicted offense.  (Tr. III, 19).  Although the jury very
well may have concluded that the defendants were bad men
who acted together once and therefore probably acted
together to commit the indicted offense, the law of the
case precluded the use of the bad act as evidence of the
two elements of joint venture liability, and Massachusetts
law does not permit its use as evidence of propensity to
commit the indicted offense.  (See "Petitioner's Memorandum
in support of Petition for a Writ of Habeas Corpus Pursuant
to 28 U.S.C section 2254," pages 27-28; Toraino Pridgen's
opening Brief at pages 43-46).

[2].  If the state court's decision is determined to be based
on federal law, and this finding is made in support of the
indicted offence, for the reasons discussed in footnote 1,
it is either or both a legal conclusion that unreasonably
applies clearly established federal law or a factual
finding that "was based on an unreasonable determination of
the facts in light of the evidence presented in the State
court proceeding."  Williams v. Taylor, 529 U.S. 362, 146
L.Ed.2d 389, 120 S. Ct. 1495 (2000); McCambridge v. Hall,
303 F.3d 24 (1st Cir. 2002); Rashad v. Walsh, 300 F.3d 27
(1st Cir. 2002); 28 U.S.C. section 2254(d),(e)(1).

[3].  Because the trial judge struck the only evidence that
Satron Pridgen's nod was a "nod in agreement" between
Petitioner and Satron, there is no evidence in the record
of a nod in agreement between Petitioner and Satron
Pridgen.  (See "Petitioner's Memorandum in Support of
Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.
Section 2254," pages 28-30).

Thus, the only facts identified by the state court in holding that the evidence of the two elements of joint venture was sufficient, are those facts which this Honorable Court discusses at page 3 of its Decision:

> Petitioner contends that there was insufficient evidence as to the latter two elements necessary to establish a joint venture. He argues that the testimony that he encouraged Satron to shoot Brogan does not establish that the brothers had formed an agreement to shoot Allen especially since the trial judge denied the Commonwealth's request for jury instruction on transferred intent. (Pet. at 28). Petitioner also notes that the trial court struck Allen's characterization of the nod immediately preceeding the shooting as a sign of agreement.

Because the trial judge specifically ruled that evidence of intent to shoot Brogan may not be used to provide evidence of intent to commit the indicted offense, the law of the case eliminates that evidence from the quantum of evidence in the record available to support the two elements of joint venture in question. Therefore, the State Court's determination that Petitioner was acting in concert with Satron Pridgen in a confrontation with Brogan does not add to the quantum of proof for conviction on the indicted offense.

Similarly, under the law of the case, there is no record evidence that "a nod of agreement exchanged between Satron and Toraino" because the trial Judge struck Allen's characterization of a nod by Satron as a "nod in

agreement".  (See "Petitioner's Memorandum in Support of
Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.
Section 2254," pages 28-30).

Therefore, the only facts identified by the state court
do not constitute evidence of either of the two elements of
joint venture liability in question.  (See "Petitioner's
Memorandum in Support of Petition for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. Section 2254," pages 23-30).
It is respectfully submitted that the state court did not
find, and no other evidence was introduced at trial to
provide, a basis from which an inference could permissibly
be made under Massachusetts or federal law, that "petitioner
knew Satron was going to shoot someone and that Satron's nod
did signify an agreement between the two that the victim was
to be Allen".  (See Decision of 6/28/04, p. 3).  This
Honorable Court's decision on Petitioner's Motion for
Reconsideration clarifies that this Court was not relying on
additional facts in holding that the evidence of the two
elements of joint venture was legally sufficient under
federal law.  Thus, there is no evidence in the record to
support two of the three elements of state law defining
joint venture liability.

3.  For the reasons stated in 1 and 2 above, Petitioner
respectfully submits that he was denied his constitutional
right to proof beyond a reasonable doubt of each element of
the crime for which he was convicted.  Jackson v. Virginia,

443 U.S. 307 (1979); Fourteenth Amendment, United States Constitution. It is respectfully submitted that whether the evidence was legally sufficient under <u>Jackson v. Virginia</u>, <u>supra</u> and its progeny to satisfy federal due process is reasonably debatable. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).

On the facts of his case, Petitioner asserts that reasonable jurists could debate whether the petition should have been resolved in a different manner, and that he has made a "substantial showing of the denial of a federal right". <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000); <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983); 28 U.S.C. section 2253(c)(2). The United States Supreme Court has described the standard, a "substantial showing of the denial of a federal right," as follows:

> "In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

<u>Barefoot v. Estelle</u>, <u>supra</u> at note 4 citing cases.

4. For the reasons stated above, Petitioner respectfully requests that this Honorable Court issue a certificate of appealability with respect to the first issue raised in his petition for a writ of habeas corpus.

<u>ISSUE TWO: THE JOINT TRIAL WAS NOT A FAIR TRIAL
UNDER CLEARLY ESTABLISHED SUPREME COURT AUTHORITY,
AND DENIED PETITIONER DUE PROCESS OF LAW
GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION.</u>

1.   This Honorable Court reviewed Petitioner's second
claim that his joint trial was not a fair trial and denied
him due process of law under 28 U.S.C. section 2254 as
amended by the Antiterrorism and Effective Death Penalty
Act.  (Decision at p. 2).  However, because the state court
decision does not mention federal law, Petitioner
respectfully submits that under prevailing First Circuit
authority, de novo review is the correct standard of review.
<u>Fryar v. Bissonette</u>, 318 F.3d 339 (1st Cir. 2003)
<u>DiBenedetto v. Hall</u>, 272 F.3d 1 (1st Cir. 2001); <u>Fortini v.
Murphy</u>, 257 F.3d 39 (1st Cir. 2001).  (See "Petitioner's
Memorandum in Support of Petition for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. section 2254," at pages 33-35).
Therefore, it is respectfully submitted that this Honorable
Court erred in applying AEDPA's deferential standard of
review to his second claim.

2.   For the reasons discussed at pages 33-46 of
"Petitioner's Memorandum in Support of Petition for a Writ
of Habeas Corpus Pursuant to 28 U.S.C. section 2254,"
Petitioner respectfully submits that whether his joint trial
was not a fair trial under federal law as established by the
Supreme Court of the United States, and whether the joint
trial denied him due process of law as required by the

United States Constitution is reasonably debatable.   Slack
v. McDaniel, supra; Barefoot v. Estelle, supra.

     3.   In response to the Decision of this Honorable
Court, Petitioner offers the following clarifications and
argument:

     a.   Contrary to the first sentence of the last
paragraph on page 3, Petitioner Toraino Pridgen relied on
both federal and state law in state court.   (See
"Petitioner's Memorandum in Opposition to Motion to Dismiss
and Request for Protection from Effect of One-Year Statutory
Bar in the Event that This Honorable Court Finds This a
'Mixed Petition'"; Toraino Pridgen's Application for Further
Appellate Review, pages 7-13).

     The evident reason the Massachusetts Appeals Court
noted that "[t]he severance motion was presented to the
judge not as a Bruton motion, see Bruton v. United States,
391 U.S. 123 (1968), but on the authority of those cases
addressing severance in the context of mutually antagonistic
and irreconcilable defenses[]" is that co-defendant Satron
Pridgen argued in the Appeals Court that "Severance Was
Required In Light Of Testimony Describing An Extrajudicial
Statement Made By the Co-Defendant Exculpating Himself and
Inferentially Inculpating The Appellant, Where Neither
Defendant Testified And The Co-Defendant Was Unavailable For
The Appellant To Cross-Examine" citing Bruton v. United
States, supra. (See "Substituted Brief of the Defendant,

Satron Pridgen" in the Massachusetts Appeals Court, pages
23-27, in this Court's Civil Action No. 04-10035-RWZ).

     b.   For the reasons stated in "Petitioner's Memorandum
in Opposition to Motion to Dismiss and Request for
Protection from Effect of One-Year Statutory Bar in the
Event that This Honorable Court Finds This a 'Mixed
Petition,'" it is respectfully submitted that under
prevailing authority, Petitioner exhausted his state
remedies on the second issue raised in his petition for a
writ of habeas corpus.

     c.   Petitioner respectfully submits that this Court's
Decision at page 4 misconstrues the applicability of the
Supreme Court's decision in Zafiro v. United States, 506
U.S. 534, 539 (1993) to the facts of his case.  The holding
of Zafiro v. United States, that a court should grant a
severance "only if there is a serious risk that a joint
trial would compromise a specific trial right of one of the
defendants, or prevent the jury from making a reliable
judgment about guilt or innocence," dictates that reversal
should result on the facts of Petitioner's case.

     Petitioner and Satron Pridgen look so much alike that
numerous trial witnesses could not tell the men apart--as if
they were twins. (See "Petitioner's Memorandum in Support of
Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.
section 2254," pages 4-16).  The trial evidence established,
as summarized by the trial judge: "It's crystal clear that
one of those two guys shot the bullet into this fellow's

head."  (Tr. IV, 9; see "Petitioner's Memorandum in Support
of Petition for a Writ of Habeas Corpus Pursuant to 28
U.S.C. section 2254," page 42).  The Jury effectively found
that Petitioner had <u>not</u> shot Allen when they acquitted him
of possession of a firearm contrary to Massachusetts General
Laws chapter 269, section 10(a).  (See "Petitioner's
Memorandum in Support of Petition for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. section 2254," pages 1, 41-42).

        Thus, the Jury determined beyond a reasonable doubt
that only Satron Pridgen shot Allen.  Evidence of a joint
venture, the theory upon which Petitioner was convicted, was
at the best weak, and it is argued above legally
insufficient.  It is respectfully submitted that it appears
from the record that the jury was prevented from making a
reliable judgment about guilt or innocence.  <u>Zafiro v.
United States</u>, <u>supra</u>.

                              CONCLUSION

        For the reasons stated above, Petitioner respectfully
requests that this Honorable Court issue a certificate of
appealability with respect to both of the grounds raised in
his petition for a writ of habeas corpus.

Respectfully submitted,

*Karen Elizabeth Morth*

Karen Elizabeth Morth, Esq.
Attorney for Toraino Pridgen
BBO# 553988
67 Wall Street, 22nd Floor/#5720
New York, New York    10005
(212) 804-5720

Dated:   September 23, 2004

I hereby certify that a true copy of the above
document was served upon Susanne G. Reardon, Esq.,
Assistant Attorney General, by first-class mail on 9/24/04.

*Karen Elizabeth Morth*

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


__TORAINO PRIDGEN__
                Petitioner

                                                CIVIL ACTION

        V.
                                                NO. __03CV12332-RWZ__

__LUIS SPENCER_____
                Respondent


## ORDER OF DISMISSAL


__ZOBEL, D. J.__


        In accordance with the Court's Memorandum and Order dated __JUNE 28,__

__2004__ summarily dismissing this petition for writ of habeas corpus under 28 U.S.C.

§2254, it is hereby ORDERED that the above-entitled action be and hereby is

dismissed.


                                        By the Court,


__June 28, 2004__                            __S/ Lisa A. Urso__
        Date                                Deputy Clerk

TORAINO PRIDGEN

v.

LUIS SPENCER

MEMORANDUM OF DECISION

June 28, 2004

ZOBEL, D.J.

On January 14, 1999, petitioner Toraino Pridgen was indicted in state court on the following counts: (1) assault and battery with a dangerous weapon, (2) unlawful possession of a firearm, and (3) armed assault with intent to murder. In November of the same year, he and his brother, Satron, were tried before a jury and he was convicted on count one under the theory of joint venture, but acquitted on the remaining two counts. Petitioner was subsequently sentenced to nine to ten years in state prison. He appealed and the Massachusetts Appeals Court affirmed his conviction. Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion). After the Massachusetts Supreme Judicial Court denied his application for leave to obtain further appellate review, Commonwealth v. Pridgen, 772 N.E.2d 588 (Mass. 2002), petitioner filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. He asserts that his conviction: (1) violated his Fourteenth Amendment rights because the evidence at trial was legally insufficient to convict him, and (2) violated his Due Process rights under the Fifth

and Fourteenth Amendments because the joint trial with his brother as co-defendant was unfair. Respondent Luis Spencer opposes.

The Court reviews this petition under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA precludes a federal court from granting habeas corpus relief unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Furthermore, the state court's factual findings must be "presumed to be correct," and petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

At the trial, Nevlina Scott testified that she had a birthday party in her mother's apartment in Fitchburg on the night of October 24, 1998. Petitioner and Satron came to the door, and Satron began to argue with Alberto Brogan, who was standing in the doorway. There was evidence of petitioner "encouraging Satron to shoot when Satron put a gun to Brogan's temple, as well as a nod of agreement exchanged between Satron and [petitioner] just before [another party guest, Paul] Allen[,] was shot." Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion) (citations omitted).

A conviction based on inadequate evidence constitutes a denial of due process. Jackson v. Virginia, 443 U.S. 307, 314 (1979). The question then becomes "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at

319. Under Massachusetts law, a joint venture is established if the defendant was "(1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary." Commonwealth v. Longo, 524 N.E.2d 67, 70 (Mass. 1988)(citation and quotations omitted). Knowledge may be inferred from the facts and circumstances. Commonwealth v. Casale, 408 N.E.2d 841, 846 (Mass. 1980). Such inferences "need only be reasonable and possible and need not be necessary or inescapable." Id.

Petitioner contends that there was insufficient evidence as to the latter two elements necessary to establish a joint venture. He argues that the testimony that he encouraged Satron to shoot Brogan does not establish that the brothers had formed an agreement to shoot Allen especially since the trial judge denied the Commonwealth's request for jury instruction on transferred intent. (Pet. at 28). Petitioner also notes that the trial court struck Allen's characterization of the nod immediately preceding the shooting as a sign of agreement. However, as the Appeals Court observed, ample evidence had been adduced from which jury could reasonably infer that petitioner knew that Satron was going to shoot someone and that Satron's nod did signify an agreement between the two that the victim was to be Allen. Therefore, ground one of the petition for habeas corpus fails.

Up until now, petitioner has relied solely on state law in arguing that the trial should have been severed.[1] The Court may have erred in earlier denying respondent's motion to dismiss for petitioner's failure to exhaust state remedies. In any case, his arguments do not withstand scrutiny on the merits under federal law. Where defendants are properly

---

[1] The Appeals Court noted that petitioner presented his severance motion based on Commonwealth v. Moran, 442 N.E.2d 399 (Mass. 1982), and not Bruton v. United States, 391 U.S. 340 (1968). Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion).

joined, a court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Petitioner's argument concerning a couple of statements made by his counsel in both opening and closing arguments do not suffice to establish that co-defendants' defenses were mutually antagonistic and irreconcilable. In fact, the Appeals Court found that "the focus of [petitioner's] defense was the confused and unreliable nature of the testimony that he was the shooter or had knowledge that the victim, Paul Allen, was going to be shot." Commonwealth v. Pridgen, 765 N.E.2d 827 (Mass. App. Ct. 2002) (unpublished opinion). Furthermore, his argument that the jury might decide, in view of the conflicting evidence and defenses, that both defendants were guilty was squarely rejected in Zafiro. Zafiro, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."). Therefore, ground two of the petition also fails.

Accordingly, the Writ of Habeas Corpus is denied. Judgment may be entered dismissing the petition.

_____
DATE

/s/ Rya W. Zobel_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

4

EXHIBIT B

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Urso, Lisa entered on 7/28/2004 at 12:34 PM EDT and filed on 7/28/2004
Case Name: Pridgen v. Spencer et al
Case Number: 1:03-cv-12332
Filer:
WARNING: CASE CLOSED on 06/28/2004
Document Number:

Docket Text:
Judge Rya W. Zobel : endorsed ORDER entered denying [22] Motion for Reconsideration. No additional facts were found, nor are they necessary. (Urso, Lisa)

The following document(s) are associated with this transaction:


1:03-cv-12332 Notice will be electronically mailed to:

Susanne G. Reardon    susanne.reardon@ago.state.ma.us

1:03-cv-12332 Notice will not be electronically mailed to:

Karen E. Morth
Karen Morth, Esq.
67 Wall Street
22nd Floor. Suite #5720
New York, NY 10005